OPINION
{¶ 1} Defendant-appellant, Peter M. Schmitz, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to jury verdict, of tampering with evidence in violation of R.C. 2921.12, and gross sexual imposition in violation of R.C. 2907.05. Because the sufficiency of the evidence does not support defendant's conviction for tampering with evidence, we reverse that aspect of the trial court's judgment.
 {¶ 2} On September 19, 2003, defendant was indicted and charged with two counts of kidnapping, two counts of gross sexual imposition, and one count of tampering with evidence. After a two-day trial, the jury delivered its verdicts finding defendant guilty on one count of gross sexual imposition and tampering with evidence. The court imposed a three-year sentence on the gross sexual imposition charge and a two-year sentence on the tampering with evidence charge, to be served concurrently.
 {¶ 3} Defendant appeals, assigning five errors:
1. The trial court erred in failing to sustain a Crim. R. 29 motion as to tampering with evidence because the evidence was insufficient to support this charge.
2. The trial court erred in finding BD competent to testify.
3. The conviction for gross sexual imposition was against the manifest weight of the evidence.
4. The trial court erred in failing to give Peter M. Schmitz a minimum sentence of incarceration.
5. The trial court erred in failing to grant Peter M. Schmitz community control.
 {¶ 4} Because the third assignment of error provides the underlying factual basis for defendant's convictions, we address it first. In his third assignment of error, defendant contends his conviction for gross sexual imposition is against the manifest weight of the evidence. Defendant claims the inconsistent testimony of the state's witnesses demonstrates that no reasonable juror could find defendant molested the victim.
 {¶ 5} When presented with a challenge to the manifest weight of the evidence, the appellate court engages in a limited weighing of the evidence to determine whether the jury's verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. Statev. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387. To make the determination, the court reviews the entire record as the "thirteenth juror" and decides whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Thompkins (1997), 78 Ohio St.3d 380, 387. Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 6} R.C. 2907.05(A)(4) provides, in pertinent part, that "[n]o person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person." "Sexual contact" means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). The jury may infer the offender's purpose is sexual arousal or gratification from the circumstances involved. See State v.Huffman (May 25, 2001), Seneca App. No. 13-2000-40; State v.Anderson (Oct. 18, 1993), Clermont App. No. CA93-03-019.
 {¶ 7} Defendant's gross sexual imposition conviction originates from defendant's encounter with BD at Repete's, a thrift store defendant owned. According to his initial testimony on direct examination, BD, then seven years old, was in the thrift store with his friend Kurt while defendant fixed Kurt's bicycle tire. BD recalled that after defendant fixed the tire, Kurt left and BD was alone with defendant in the store. Defendant told BD that if he changed into a pair of jeans and a shirt, defendant would give him a water gun. BD obliged. After BD changed, defendant tucked the shirt into BD's underwear, touching BD's penis and testicles. Defendant then took two photographs of BD in the clothing and threatened that "if [BD] told his parents, he would kill him." (Tr. Vol. I, 75.) After defendant took the pictures, BD put his own clothes back on, took the water gun and went home. When BD arrived home, he told his mother and "Uncle" Fields about the photographs. Later, when prompted, BD told his mother about the molestation.
 {¶ 8} In response to a specific question, BD testified for the first time later in direct examination that his friend BS accompanied him to Repete's. BD stated that he and BS pet defendant's dogs while defendant helped Kurt fix a bicycle tire. After Kurt left, and while BS was still petting the dogs, defendant asked BD to change into the jeans and shirt in exchange for a water gun. BD's account of the touching and photographing remained the same. After the incident, BD put on his own clothes, took the water gun and went home, leaving BS behind.
 {¶ 9} According to BS, he and BD went to Repete's to look at toys. BS did not remember Kurt or defendant's repairs to Kurt's bicycle. While defendant, BD, and BS were alone in the store, defendant asked the boys to try on some clothes. BS stepped into a dressing room and changed into an Elmo shirt, while defendant remained with BD in the store. BS did not see BD try on any clothes. After BS put on the Elmo shirt, defendant tucked the shirt into BS's underwear, putting his hand down a little below the waist but not touching BS's genitals. Defendant did not take photographs of BS, but BS saw the photographs of BD on defendant's store computer. After the incident, BS went home and told his family what happened in the store.
 {¶ 10} Defendant claims BD's inconsistent account of the events, coupled with BS's account that defendant did not touch BS's genitals, demonstrates that no reasonable juror could find defendant guilty of gross sexual imposition. Inconsistencies in the evidence, however, do not render a verdict against the manifest weight of the evidence. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. Although on appeal defendant questions the credibility of BD's testimony, the weight and credibility of the evidence are for the trier of fact.DeHass, supra. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and to determine whether the witnesses' testimony is credible. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. Although an appellate court acts as a "thirteenth juror" when considering the manifest weight of the evidence, it also must give due deference to the fact finder's determination of the witnesses' credibility. State v.Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28;State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 74.
 {¶ 11} Here, the state presented adequate evidence of defendant's sexual contact with BD. Defendant cross-examined BD about the events occurring in defendant's store and pointed out the inconsistencies in BD's trial testimony. Specifically instructed about determining the weight and credibility of each witness, the jury heard all the testimony presented, evaluated the weight and credibility of each witness, and chose to believe BD's testimony regarding defendant's sexual contact with BD's genitals. Because the jury could properly believe BD's testimony, and such testimony established sexual contact with a child under the age of 13, we cannot conclude the jury lost its way. See, e.g., State v. Henderson, Franklin App. No. 04AP-1212, 2005-Ohio-4970, at ¶ 24. Accordingly, defendant's third assignment of error is overruled.
 {¶ 12} In his first assignment of error, defendant contends the trial court erred in failing to sustain defendant's Crim.R. 29 motion regarding the charge of tampering with evidence, because the evidence was insufficient to support the charge. The test for a Crim.R. 29 motion is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Williams
(1996), 74 Ohio St.3d 569.
 {¶ 13} R.C. 2921.12, prohibiting tampering with evidence, provides, in pertinent part:
(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation.
 {¶ 14} The tampering with evidence conviction concerns the deletion of BD's photographs from defendant's digital camera disc. After the molestation, defendant used his digital camera to take two photographs of BD modeling clothing from his thrift store. Once BD told his mother and Fields about the photographs, Fields immediately took BD back to the thrift store and demanded the pictures. At the time, Fields was not aware of the molestation. When confronted, defendant handed Fields the disc directly from his digital camera. Fields gave the disc to a Columbus Police officer who, in turn, forwarded it on to Detective Sealy.
 {¶ 15} When Sealy entered the disc into the computer, he could not find a photograph of BD. Sealy passed the disc to Officer Simeon, a forensic computer examiner. Simeon recovered eight deleted image files from the disc: two photographs of BD and six photographs of various equipment from defendant's store. Simeon testified that image files containing photographs can be deleted from the disc either purposefully by manually removing the image file from the storage media, or inadvertently by automatically transferring or downloading the image file onto a computer hard drive. Although Simeon determined when defendant took the photographs, he was unable to determine how and when the photographs were deleted.
 {¶ 16} Defendant argues the evidence does not support a conviction for tampering with evidence because (1) the state failed to prove defendant was aware of the molestation allegation at the time he handed the disc over to Fields; and (2) the state did not demonstrate that defendant purposefully deleted the photographs, if at all.
 {¶ 17} In support of his first argument, defendant asserts that because Fields was unaware of the molestation when he went to defendant's store, defendant was unaware that an official proceeding or investigation was about to be or likely would be instituted. Whether defendant had actual notice of an impending investigation is irrelevant. When an offender commits an unmistakable crime, the offender has constructive knowledge of an impending investigation of the crime committed. See State v.Cockroft, Franklin App. No. 04AP-608, 2005-Ohio-748, at ¶ 11;State v. Jones, Franklin App. No. 02AP-1390, 2003-Ohio-5994, at ¶ 35. The facts, as construed in the state's favor, demonstrate defendant molested BD. Defendant's threatening remark to BD reveals that he knew the molestation constituted a crime. On that evidence, the jury could reasonably determine that after defendant molested BD, defendant knew an official proceeding or investigation was about, or likely, to be instituted.
 {¶ 18} Defendant next contends the state failed to demonstrate he deleted the photographs, much less that he deleted them to purposefully impair their availability as evidence. The state relied exclusively on the testimony of Officer Simeon to prove that aspect of its case. Simeon testified the image files containing the photographs of BD were deleted from the disc. Although he was able to recover the deleted photographs, he was unable to testify when the photographs were deleted. Simeon further testified the image files containing the photographs were either deleted purposefully by manually telling the operating system to delete them, or inadvertently by transferring or downloading the files onto a computer.
 {¶ 19} The state's evidence, offered through Simeon, neither directly nor circumstantially proves defendant purposefully deleted the photographs in order to make them unavailable as evidence. At most, Simeon's testimony proved the photographs of BD were deleted. The jury was then forced to speculate that, because the disc was blank when it reached Officer Sealy, defendant deleted the photographs. From this speculation, the state asked the jury to further hypothesize that defendant purposefully deleted the photographs because, based on Simeon's testimony, the photographs were either purposefully or inadvertently deleted. No additional direct or circumstantial evidence linked defendant to the deletion process besides a theoretical motive and opportunity. Motive and opportunity, without more, do not prove an act. Because insufficient evidence supports the jury's verdict finding defendant guilty of tampering with evidence, we sustain defendant's first assignment of error.
 {¶ 20} In his second assignment of error, defendant contends the trial court erred in finding BD competent to testify as a witness. Defendant argues BD did not have sufficient ability to receive and retain accurate memories of the events occurring on the day of the alleged sexual abuse. Defendant also contends BD had no understanding of the oath or the importance of telling the truth in a court case. Lastly, defendant contends the trial court erred in finding BD competent to testify when it precluded defendant from asking any questions involving the date and time of the sexual abuse.
 {¶ 21} Evid.R. 601(A) provides that "[e]very person is competent to be a witness except * * * children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." A witness under the age of ten is not presumed incompetent, but rather, "the proponent of the witness's testimony bears the burden of proving that the witness is capable of receiving just impressions and relating them truthfully."State v. Clark (1994), 71 Ohio St.3d 466, 469. The Ohio Supreme Court has established the following five factors to consider in determining whether a child under the age of ten is competent to testify: "(1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." State v. Frazier (1991), 61 Ohio St.3d 247, syllabus.
 {¶ 22} Trial judges are required to preliminarily determine the competency of a child witness under the age of ten through a voir dire examination. Frazier, at 250-252. The determination of competency is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. State v.Allard (1996), 75 Ohio St.3d 482, 496. An abuse of discretion consists of more than an error of law or judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. State v. Myers,97 Ohio St.3d 335, 2002-Ohio-6658.
 {¶ 23} Defendant argues that BD's conflicting trial testimony about who was present and what happened at the store reveals that BD did not have the ability to receive and retain accurate memories of the events occurring on the day of the alleged sexual abuse. Although a witness' competency is an ongoing process in which the trial judge, and thus an appellate court, may consider the full trial testimony in order to determine competency, inconsistencies in a witness' testimony affect the weight and credibility of the witness' testimony, not the competency of the witness. See State v. Nasser, Franklin App. No. 02AP-1112,2003-Ohio-5947, at ¶ 46. A child witness' competency is judged, in part, on his intellectual capacity to receive, recollect and communicate.
 {¶ 24} BD was nine years old at the time of trial. He knew his full name, age, and the names and ages of his younger brother and sister. BD was able to state the name of his elementary school, his grade, and the name of his teacher. He remembered the gifts he received three and one-half months earlier for his birthday. In addition, BD was able to describe the color and location of defendant's store, and he told the court he remembered what happened on the day of the incident. The trial judge acknowledged BD was capable of receiving just reflections of fact, had an excellent memory, and was very, very bright.
 {¶ 25} Defendant nonetheless argues BD had no understanding of the oath or the importance of telling the truth in a court case. Contrary to defendant's contentions, the record shows BD understood the difference between truth and falsity, and he appreciated his responsibility to be truthful. BD knew a lie was a "bad thing," not telling the truth would get him in trouble, and other people could get in trouble if he lied. (Tr. 21.)
 {¶ 26} Additionally, defendant argues the trial court erred by not allowing defense counsel to ask any questions during voir dire about the day of the sexual abuse. In State v. Wilson
(1952), 156 Ohio St. 525, 529, the Ohio Supreme Court stated that "[w]hen the child is presented in court and the fact is revealed that the age of ten has not been reached, it is the duty of thetrial judge to immediately examine the child, without the participation or interference of counsel, to determine the child's competency to testify." (Emphasis added). Given the Supreme Court's instruction in Wilson, the trial court did not err in refusing to allow counsel to ask questions at the competency hearing involving the date and time of the sexual abuse.
 {¶ 27} Accordingly, the trial court did not abuse its discretion in finding BD competent to testify. Defendant's second assignment of error is overruled.
 {¶ 28} Defendant's fourth assignment of error contends the trial court erred in sentencing defendant to more than a minimum sentence of incarceration. Defendant argues that Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, requires the jury, not the judge, to make the finding necessary to impose a sentence greater than the minimum for a first-time offender under R.C. 2929.14(B). According to defendant, the jury's failure to make the necessary finding deprived defendant of hisSixth Amendment rights under the United States Constitution.
 {¶ 29} In Blakely, the Supreme Court held that, under the state of Washington's mandatory sentencing guidelines, the trial court violated the defendant's constitutional right to a jury trial when it imposed an enhanced sentence of more than three years above the 53-month statutory maximum of the standard range, when the facts on which the court based its sentence, that defendant acted with "deliberate cruelty," were "not reflected in the jury verdict or admitted by the defendant." Id. at 303.
 {¶ 30} Under Ohio's sentencing guidelines, when a prison term is imposed on a person who has not previously been sentenced to prison, R.C. 2929.14(B)(2) requires the sentencing judge to "impose the shortest prison term authorized for the offense * * * unless * * * [t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender or others."
 {¶ 31} Given our ruling on defendant's conviction for tampering with evidence, we address defendant's fourth assignment of error only in the context of defendant's conviction for gross sexual imposition. In a sentencing hearing, and after noting the attendant considerations, the trial court sentenced defendant to three years on the gross sexual imposition charge, one year above the statutory minimum. Pursuant to R.C. 2929.14(B), the court found the shortest prison term would demean the seriousness of defendant's conduct, given the psychological harm caused to the child and the age of the child.
 {¶ 32} Defendant contends Blakely renders the court's R.C.2929.14(B) finding unconstitutional. This court, however, has held that Blakely does "not prohibit a trial court from imposing a non-minimum prison sentence under Ohio's felony sentencing statutes, even though the sentencing statutes do not require the jury to find, or the defendant to admit to, the applicable statutory factors that allow a trial court to impose a sentence above the authorized minimum." State v. Newcomb,
Franklin App. No. 04AP-1223, 2005-Ohio-4570, at ¶ 32, citingState v. Abdul-Mumin, Franklin App. No. 04AP-485,2005-Ohio-522. Accordingly, defendant's fourth assignment of error is without merit and overruled.
 {¶ 33} In his fifth assignment of error, defendant contends the trial court erred in failing to grant defendant community control. Defendant argues the findings made under R.C. 2929.13
should be made by a jury to be consistent with Blakely's interpretation of the Sixth Amendment.
 {¶ 34} Pursuant to R.C. 2929.13(C), when "determining whether to impose a prison term as a sanction for a felony of the third degree * * * the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." R.C. 2929.11
provides the overriding purposes of felony sentencing and R.C.2929.12 provides the factors to consider in felony sentencing.
 {¶ 35} The Blakely decision does not implicate all findings made by a sentencing judge, but only certain post-conviction judicial fact-findings that increase the penalty for a crime beyond a statutory maximum. R.C. 2929.13(C) does not create a presumption either in favor of or against community sanctions, and it therefore does not impose a "statutory maximum" under either a strict or broad interpretation of Blakely. R.C.2929.13(C) merely requires a sentencing judge to reference the policy reasons the Ohio legislature finds important when sentencing a convicted felon.
 {¶ 36} Here, the court found the nature of the gross sexual imposition offense and the age of the victim warranted a prison sentence. Such finding is within the discretion afforded by Ohio's sentencing guidelines and does not run afoul to Blakely.
Accordingly, defendant's fifth assignment of error is without merit and is overruled.
 {¶ 37} Having sustained defendant's first assignment of error, and having overruled defendant's second, third, fourth and fifth assignments of error, we reverse in part and affirm in part the judgment of the trial court and remand this matter to the trial court with instructions to enter judgment for defendant on the charge of tampering with evidence.
Judgment affirmed in part and reversed in part; case remandedwith instructions.
French and Travis, JJ., concur.