OPINION
{¶ 1} Defendant-appellant, Billy Ray, appeals the decision of the Hamilton Municipal Court convicting him of domestic violence. We affirm the decision of the trial court.
 {¶ 2} Appellant and Heaven Lachelle Ray were previously married and had two children together. In the early morning hours of January 12, 2006, appellant went to the Grub Pub, a bar in the city of Hamilton. Appellant went to the bar accompanied by his cousin, Renee. Heaven was already at the bar at the time appellant arrived and was *Page 2 
accompanied by a male named Nick. Nick approached appellant and a physical altercation ensued between the men.
 {¶ 3} Following the altercation, Heaven testified that she left the bar and began to walk toward her home, which was located several blocks from the bar. Heaven testified that as she was walking home, appellant and Renee pulled up beside her in separate vehicles, exited their vehicles, and began to yell at her and call her names. Heaven further testified that appellant and Renee approached her. She stated that Renee first hit her in the back and appellant then hit her "once in the chest and a couple times on the head" with open hands. Heaven stated that she crouched down to defend herself and began screaming. Due to the screaming, Heaven testified that appellant and Renee left in their separate vehicles. She then walked the rest of the way to her home and immediately called the police to report the incident. Officer Carla Browning of the Hamilton Police Department responded to the call and was dispatched to Heaven's home to obtain a statement.
 {¶ 4} Upon arriving at the residence, Officer Browning observed that Heaven was upset, nervous, and jumpy. Officer Browning testified that Heaven was crying when the officer arrived. Heaven identified appellant as her assailant to the officer. She also stated to the officer that another individual assisted appellant, but did not provide a name. The officer testified that Heaven had no visible injuries. Heaven requested that the officer examine her head for lumps; Officer Browning testified that she did not feel anything noticeable on Heaven's head. Officer Browning also testified that she did not ask Heaven to take off her shirt to examine Heaven's back or chest.
 {¶ 5} Appellant testified that on the night in question he had given his cousin Renee a ride to the Grub Pub to pick up Renee's husband. He claimed Renee could not drive because she did not have a driver's license. Upon entering the bar, appellant testified that he was accosted by Nick, and an altercation ensued. Appellant stated that during the course of *Page 3 
the altercation, Heaven struck him in the head with a billiard ball. Appellant claimed that he left the bar immediately after the incident. According to appellant, Heaven was still in the bar when he left that night, and he did not see Heaven again until they exchanged their children at the police station on the next visitation weekend. Appellant stated he knew nothing about the pending charge until two or three weeks later when he was driving and was pulled over by a Hamilton police officer, who informed him that there was a warrant for his arrest.
 {¶ 6} Appellant was charged with one count of domestic violence in violation of R.C. 2919.25. Following a bench trial, the court found appellant guilty as charged and assessed a penalty of $200 plus court costs, and 180 days in jail, which were stayed until June 21 to give appellant an opportunity to pay the fine. Appellant timely appealed, raising three assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY FINDING HIM GUILTY OF THE OFFENSE OF DOMESTIC VIOLENCE AS THE CONVICTION IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 9} Appellant argues that his conviction was against the manifest weight of the evidence due to several "inconsistencies" in Heaven's testimony. Specifically, appellant states that Heaven had no visible injuries, did not identify Renee by name as an assailant, and that Renee and appellant could not have confronted Heaven in separate cars because Renee does not have a driver's license. Appellant also argues that Heaven had a motive to concoct the incident because, at the time, she was in a custody battle with appellant.
 {¶ 10} In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving *Page 4 
conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Lombardi, Summit App. No. 22435, 2005-Ohio-4942. The discretionary power to overturn a conviction based on the manifest weight of the evidence is to be invoked only in those extraordinary circumstances to correct a manifest miscarriage of justice where the evidence presented weighs heavily in favor of acquittal. State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 11} Appellant contends that there were major inconsistencies in Heaven's testimony, and that in light of those inconsistencies, no rational trier of fact could have found him guilty. However, inconsistencies in the evidence alone do not mean that a decision is against the manifest weight of the evidence. State v. McMullen, Butler App. No. CA2005-09-414, 2006-Ohio-4557, ¶ 31. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and to determine whether the witnesses' testimony is credible. Id., citing State v. Schmidtz, Franklin App. No. 05AP-200, 2005-Ohio-6617, ¶ 10.
 {¶ 12} After a thorough review of the record, considering the evidence and reasonable inferences therefrom, we conclude that the trial court's decision is supported by the evidence. This case clearly rests on the credibility of the testimony presented at trial. The state's case relies on the testimony of Heaven Ray and Officer Carla Browning. Heaven testified that as she walked home on the night in question, she was accosted by appellant and Renee. She stated that appellant struck her "once in the chest and a couple times in the head." Additionally, the state presented the testimony of Officer Browning, who testified about her observation and examination of Heaven following the incident. Appellant's defense relies on appellant's testimony and his claim that Heaven's version of the facts contained "inconsistencies." Because the trier of fact chose to believe the state's version of the events *Page 5 
over appellant's testimony does not establish that the trier of fact clearly lost its way.
 {¶ 13} Appellant's first assignment of error is overruled.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY FINDING HIM GUILTY OF THE OFFENSE OF DOMESTIC VIOLENCE AS THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE CONVICTION."
 {¶ 16} Appellant argues in his second assignment of error that there was insufficient evidence to support his conviction. Appellant once again alleges "inconsistencies" in Heaven's testimony. Appellant further claims that it is implausible that Heaven would "stand outside in January weather, at 2:00 in the morning, a few blocks from her house, and allow her ex-husband to get out of his vehicle, call her names, and then stand there while another person got out of her vehicle and begin striking her."
 {¶ 17} The Supreme Court of Ohio has held that "the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins,78 Ohio St. 3d 380, 386, 1997-Ohio-52.
 {¶ 18} In reviewing the record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. When deciding a sufficiency of the evidence issue, the reviewing court will not substitute its evaluation of witness credibility for that of the trier of fact. State v. Benge, 75 Ohio St.3d 136, 142, 1996-Ohio-227. The state can use either direct or circumstantial evidence to prove the elements of a crime. State v. Nicely (1988), 39 Ohio St.3d 147, 151. Furthermore, "circumstantial evidence and direct evidence inherently possess the same probative value." Jenks, paragraph one of the syllabus. *Page 6 
 {¶ 19} Appellant was convicted of domestic violence in violation of R.C. 2919.25, which provides:
 {¶ 20} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 {¶ 21} "(B) No person shall recklessly cause serious physical harm to a family or household member.
 {¶ 22} "(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."
 {¶ 23} A review of the evidence demonstrates that the state presented sufficient evidence to convict appellant of domestic violence as evidence was presented to support every element of the crime.
 {¶ 24} Accordingly, appellant's second assignment of error is overruled.
 {¶ 25} Assignment of Error No. 3:
 {¶ 26} "THE DEFENDANT/APPELLANT WAS PREJUDICED AND DENIED DUE PROCESS OF LAW IN THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION."
 {¶ 27} Appellant argues in his third assignment of error that he received ineffective assistance of counsel. Appellant claims that his counsel failed to meet an objective standard of reasonableness in his representation, and his counsel's performance was prejudicial because counsel did not subpoena Renee to testify at trial, and did not question Heaven about her lack of visible injuries.
 {¶ 28} To support a claim of ineffective assistance, appellant must show that counsel's representation was deficient and appellant was prejudiced as a result. Strickland v. *Page 7 Washington (1984), 466 U.S. 668, 687-88, 693, 104 S.Ct. 2052; Statev.Bradley (1989), 42 Ohio St.3d 136, 142. Appellant must first show that his counsel's performance "fell below an objective standard of reasonableness." Id. at 688. To warrant reversal, appellant must then demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and as a result, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.
 {¶ 29} Appellant first contends that trial counsel was ineffective for failing to subpoena Renee, whom he contends would have supported his version of the incident. Appellant claims Renee's testimony would have also confirmed that she was not driving on the night in question, which would further disprove Heaven's claim about the incident.
 {¶ 30} Decisions regarding the calling of witnesses are within the purview of defense trial tactics. State v. Coulter (1992),75 Ohio App.3d 219, 230. The failure to subpoena a witness for trial is not a substantial violation of defense counsel's essential duty absent a showing of prejudice. Id., citing State v. Hunt (1984),20 Ohio App.3d 310, 312.
 {¶ 31} Based on a review of the record, it cannot be ascertained whether the testimony of Renee would have supported appellant's alleged alibi and version of the facts. Appellant's claim that Renee's testimony would have agreed with appellant is speculative and may have been the reason that appellant's counsel elected not to subpoena her for trial. Also, given the uncertainty of the testimony and Renee's involvement in the incident, her testimony would have presented no additional facts than those already before the court. *Page 8 
Appellant has failed to present any credible explanation of how the failure to subpoena Renee has resulted in prejudice. Based upon the record before us, we find that counsel's decision not to call Renee does not constitute ineffective assistance of counsel. See State v.Baker, Clermont App. No. CA2005-11-103, 2006-Ohio-5507.
 {¶ 32} In addition, appellant contends that his trial counsel was ineffective because he failed to question Heaven about her lack of visible injuries.
 {¶ 33} When counsel focuses on some issues to the exclusion of others, there is a strong presumption that this was done for tactical reasons rather than through sheer neglect. See Strickland, 466 U.S. at 690. That presumption has particular force where a petitioner bases his ineffective assistance claim solely on the trial record, creating a situation in which a court "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive." Massaro v. United States (2003), 538 U.S. 500, 505.
 {¶ 34} In this case, the evidence that Heaven had no visible injuries was already before the trial court. Further questioning of Heaven by appellant's trial counsel about the lack of injury would have provided no additional substantive evidence that would be determinative of this case. As this evidence was already before the trier of fact, appellant has failed to demonstrate that there is a reasonable probability that but for counsel's failure to further question Heaven about the absence of visible injuries, the result of the proceeding would have been different.
 {¶ 35} Appellant's third assignment of error is overruled.
 {¶ 36} Judgment affirmed.
 BRESSLER, P.J., and POWELL, JJ., concur. *Page 1