[Cite as *State v. Dowdel*, 2016-Ohio-8174.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 HA 0004 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MATTHEW M. DOWDEL | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of
Common Pleas of Harrison County,
Ohio
Case No. CRI 2015-0021

JUDGMENT: Affirmed.

APPEARANCES:
For Plaintiff-Appellee: Atty. Owen Beetham
Harrison County Prosecutor
Atty. Jeffrey J. Bruzzese
Assistant Prosecuting Attorney
111 W. Warren Street
P.O. Box 248
Cadiz, Ohio  43907

For Defendant-Appellant: Atty. Timothy Young
Ohio Public Defender
Atty. Allen Vender
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad Street, 14th Floor
Columbus, Ohio  43215

JUDGES:
Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated:  December 15, 2016

WAITE, J.

**{¶1}** Appellant, Matthew Dowdel, was convicted following a jury trial in the Harrison County Court of Common Pleas of aggravated robbery, two counts of grand theft of a motor vehicle, tampering with evidence, felonious assault and murder. He was sentenced to an aggregate term of thirty years to life of imprisonment.

**{¶2}** On appeal, Appellant argues that his conviction for tampering with evidence was based on insufficient evidence. For the following reasons the judgment of the trial court is affirmed.

**{¶3}** The State's evidence at trial established the following:

**{¶4}** On the evening of March 27, 2014, at approximately 10:00 p.m., Appellant and Eve Kelly ("Kelly") arrived at the home of the victim, Joseph Strother ("Strother"). Appellant knew Strother's son Anthony, as they were classmates. Appellant was greeted by Anthony on arrival. Anthony assumed Appellant was there to see Strother to purchase drugs. Anthony summoned Strother, who then informed his wife that he needed to leave the house but would be back shortly. Appellant, Kelly and Strother left in Strother's vehicle with Strother driving, Appellant was in the passenger seat and Kelly was in the back seat behind Strother.

**{¶5}** They stopped at a second location where Strother exited the vehicle. While Appellant and Kelly were in the car alone together, Appellant suggested they rob Strother. He informed Kelly that he had taken a rolling pin from Strother's home and it was on the floor in the backseat near where Kelly was seated. The two agreed that, on Appellant's signal, Kelly would strike Strother with the rolling pin from behind. When Strother returned to the car, Appellant asked him to drive them to Sally Buffalo

Park. Appellant got into an argument with Strother, as he believed Strother owed him drugs in exchange for the scale that he had given to Strother in a previous transaction. As they neared the park and the argument escalated, Appellant signaled to Kelly who then began hitting Strother in the back of the head with the rolling pin. She hit him approximately three times, after which he began to bleed from his injuries and slowed down the car and got out. Appellant jumped over the console and put the car in park. He took the rolling pin from Kelly and followed Strother out of the vehicle. Appellant chased Strother with the rolling pin in hand. Kelly got out of the car and heard the altercation. Kelly was able to see very little but did see Appellant drag Strother near the water. Appellant returned to the car and ordered Kelly to get inside. Kelly asked about the rolling pin and Appellant informed her that he had thrown it. The pair then drove away. Strother's body was discovered the following morning by a woman walking in the park. The police were called and an investigation began. Following a full investigation of the scene, law enforcement discovered the rolling pin in a wooded area approximately 400 feet from where Strother's body was found. Appellant and Kelly were finally tracked down several days later in Daytona Beach City, Florida. Appellant was interviewed in Florida by Detective Jones of the Harrison County, Ohio Sheriff's Department. Appellant and Kelly were subsequently extradited to Ohio.

{¶6} On April 16, 2014, Appellant was indicted on one count of murder, one count of felonious assault, one count of complicity to murder and one count of complicity to felonious assault. On February 2, 2015, after additional investigation,

Appellant was indicted on two counts of murder; one count of aggravated robbery; two counts of grand theft of a motor vehicle; one count of tampering with evidence; one count of felonious assault; one count of complicity to murder and one count of complicity to felonious assault. After a jury trial, Appellant was convicted of aggravated robbery, two counts of grand theft of a motor vehicle, tampering with evidence, felonious assault and murder. He was sentenced to an aggregate term of thirty years to life imprisonment.

**{¶7}** Appellant appeals from his convictions, raising a single assignment of error.

<u>ASSIGNMENT OF ERROR</u>

The trial court erred in denying Matthew Dowdel's Crim.R. 29 motion for acquittal, and violated his rights to due process and a fair trial when, in the absence of sufficient evidence, it convicted him of tampering with evidence. Fifth and Fourteenth Amendments, United States Constitution; Sections 10 and 16, Article I, Ohio Constitution. R.C. 2921.12. Tr. 138-139, 163, 438-39; March 16, 2015 Judgment Entry.

**{¶8}** A sufficiency of the evidence argument disputes whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury or whether the evidence is legally sufficient to support a jury verdict as a matter of law. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The weight to be given to the evidence and the credibility of the witnesses are primarily issues for the trier of fact. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d

212 (1967). In reviewing whether sufficient evidence was presented to support a conviction, the relevant inquiry is whether any rational finder of fact, after viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997). If reasonable minds could differ whether each material element has been proven, a Crim.R. 29 motion for acquittal must be overruled. *State v. Bridgeman,* 55 Ohio St.2d 261, 381 N.E.2d 184 (1978).

{¶9} Appellant contends there was insufficient evidence to support his conviction on tampering with evidence. Pursuant to R.C. 2921.12(A), tampering with evidence:

> No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * * [a]lter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation.

{¶10} At trial, the state had the burden of proving beyond a reasonable doubt that Appellant, knowing that an official investigation was in progress, was about to begin, or was likely to be started, acted in a way to "alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation." R.C. 2921.12(A). Appellant claims that he simply moved the rolling pin "from one open-air space to another" which would not rise to the level of tampering with evidence. (Appellant's Brf., p. 4.)

{¶11} "Whether defendant had actual notice of an impending investigation, when an offender commits an unmistakable crime, the offender has constructive knowledge of an impending investigation of the crime committed." *State v. Schmitz,* 10th Dist. No. 05AP-200, 2005-Ohio-6617, ¶ 17.

{¶12} In this case, Appellant's actions constituted an unmistakable crime. The testimony at trial indicated that he jumped out of the car, and ran after the victim with the weapon, a rolling pin. During Appellant's interview in Florida, which was videotaped and admitted into evidence, he stated that he threw the rolling pin into the woods. Finally, Detective Durst testified that the rolling pin was found some 400 feet from the victim's body, near a wooded area. (Tr., pp. 138-139.)

{¶13} Simply stated, Appellant's assertion that he moved the rolling pin from one open area to another is an oversimplification of Appellant's actions and is not supported by the evidence before the jury. The rolling pin did not just haphazardly end up where it was found. It was located not in open air, but near a grove of trees some 400 feet from the victim's body and where the trial testimony indicated the altercation occurred. Additionally, blood evidence was found on the rolling pin and on other items found near it at the other end of the park, providing circumstantial evidence that Appellant had dumped a number of evidentiary items prior to fleeing the park with Kelly in the victim's vehicle.

{¶14} Circumstantial evidence has the same probative value as direct evidence. *State v. Franklin,* 62 Ohio St.3d 118, 124, 580 N.E.2d 1 (1991). A conviction can be predicated upon circumstantial evidence. *Id.* In the case *sub*

*judice,* the circumstantial evidence concerning the whereabouts of the rolling pin was sufficient to sustain a conviction against Appellant for tampering with evidence under R.C. 2921.12(A).

**{¶15}** Therefore, based upon the foregoing, Appellant's assignment of error is without merit and the judgment of the trial court is affirmed.

DeGenaro, J., concurs.

Robb, J., concurs.