DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that found appellant guilty of one count of complicity to theft, two counts of tampering with evidence, one count of forgery and one count of engaging in a pattern of corrupt activity. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} Appellant sets forth three assignments of error:
 {¶ 3} "Assignment of Error No. 1: The trial court erred in denying appellant's Criminal Rule 29 motion for judgment of acquittal regarding counts 2 and 3 of tampering with evidence because the prosecution did not prove that appellant tore up two checks with knowledge that an official proceeding or investigation was taking place.
 {¶ 4} "Assignment of Error No. 2: Insufficient evidence existed to convict Mr. Barnes of engaging in a pattern of corrupt activity.
 {¶ 5} "Assignment of Error No. 3: The trial court erred in denying appellant's Criminal Rule 29 motion for judgment of acquittal in count 5 of the indictment, in that the state failed to present sufficient evidence that appellant acted under the direction and control of Darrington."
 {¶ 6} Investigations conducted by the Toledo Police and other law enforcement agencies beginning in 2001 revealed an extensive counterfeit check cashing scheme in Lucas and Wood Counties. Police learned that an individual named Lee Darrington was using a computer program called "Versa Check" to print checks with authentic bank names, account numbers, routing numbers and check numbers. Darrington recruited acquaintances, homeless individuals and drug clients who owed him money to cash counterfeit checks for him at a variety of locations throughout Lucas and Wood Counties in exchange for a small payment. The investigation revealed that approximately 105 people had been cashing checks on behalf of Darrington's organization. *Page 3 
 {¶ 7} On March 9, 2006, appellant entered a Sunoco store on Route 20 in Perrysburg Township and tried to cash a check for $681.43. The cashier, Dia Yountes, suspected that the check was counterfeit when he noticed that it contained one of several suspect signatures that a detective had previously identified. Yountes called his manager and then told appellant he could not cash his check until the manager returned in a few minutes with more money. Appellant left the store and returned in 30 or 40 minutes. The store manager, who had returned by then, called the police from a back room while Yountes stalled appellant. Perrysburg Township officers responded to the Sunoco and confronted appellant about the check he was trying to cash. When an officer conducted a pat-down, he found two torn up checks in appellant's pocket.
 {¶ 8} On June 29, 2006, appellant was indicted on one count of complicity to theft in violation of R.C. 2923.03 and 2913.02(A)(3); two counts of tampering with evidence in violation of R.C. 2921.12(A)(1); one count of forgery in violation of R.C. 2913.31 and one count of engaging in a pattern of corrupt activity in violation of R.C.2923.32(A)(1). Trial before a jury began on January 22, 2007, and on January 29, 2007, appellant was found guilty of all five counts.
 {¶ 9} In his first assignment of error, appellant asserts that the trial court erred by denying his motion for judgment of acquittal regarding Counts 2 and 3, both of which charged tampering with evidence.
 {¶ 10} Crim.R. 29(A) states that a court shall order an entry of judgment of acquittal if the evidence is insufficient to sustain a conviction of the offenses. *Page 4 
"Reviewing the denial of a Crim.R. 29 motion therefore requires an appellate court to use the same standard as is used to review a sufficiency of the evidence claim." State v. Witcher, 6th Dist. No. L-06-1039, 2007-Ohio-3960, ¶ 20. In reviewing the record for sufficiency, the relevant inquiry is whether, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 11} Pursuant to R.C. 2921.12(A)(1), tampering with evidence, the state in this case had the burden of proving beyond a reasonable doubt that appellant, knowing that an official proceeding or investigation was in progress or about to be or likely to be instituted, did "alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]"
 {¶ 12} Appellant argues that the state did not prove that he tore up the checks that were found in his pocket at the time of his arrest with knowledge that an official proceeding or investigation was taking place. Appellant cites to the testimony of the Sunoco clerk and the manager that they watched appellant while he was in the store and did not see him tear up any checks.
 {¶ 13} When appellant was interviewed by Perrysburg Township Detective Jim Gross, he told the detective that he obtained a check from someone named "JR," whom he knew from the streets. "JR" then drove appellant to the Sunoco to cash the check. *Page 5 
Appellant told the detective that on the way to the Sunoco he asked "JR" if the check was good and said that he knew before he tried to cash the check that it was counterfeit. When questioned further, appellant indicated that he tore up the two checks that were found in his pocket sometime between when he left the store the first time and when he returned a few minutes later. This appears to explain why the Sunoco clerk and manager testified that they did not see appellant tearing up the checks.
 {¶ 14} Ohio courts have ruled that a defendant's knowledge that he committed a criminal act may itself establish knowledge that an investigation is likely. In State v. Schmidtz, 10th Dist. No. 05AP-200,2005-Ohio-6617, ¶ 17, the appellate court explained: "Whether defendant had actual notice of an impending investigation is irrelevant. When an offender commits an unmistakable crime, the offender has constructive knowledge of an impending investigation of the crime committed." Additionally, in two other cases, the Tenth District affirmed tampering with evidence convictions, determining that the defendants "surely knew" that official investigations would likely commence after they had fired gunshots which, in both cases, resulted in death. See State v.Cockroft, 10th Dist. No. 04AP-608, 2005-Ohio-748, ¶ 11; State v.Jones, 10th Dist. No. 02AP-1390, 2003-Ohio-5994, ¶ 35.
 {¶ 15} Based on the foregoing, we find that the state in this case need not have shown actual knowledge of an ongoing or impending investigation; appellant knew he had committed a crime and the evidence demonstrated that he therefore had constructive knowledge that an official investigation was "likely to be instituted." *Page 6 
 {¶ 16} For the foregoing reasons, viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable jury could have found beyond a reasonable doubt that appellant, knowing that an official proceeding or investigation was likely to be instituted, did destroy the checks with purpose to impair their value or availability as evidence in such proceeding. Accordingly, there was sufficient evidence to sustain a conviction of two counts of tampering with evidence, and the trial court did not err in denying the Crim.R. 29 motion for acquittal. Appellant's first assignment of error is not well-taken.
 {¶ 17} In his second assignment of error, appellant asserts that the state failed to present sufficient evidence to support a conviction for engaging in a pattern of corrupt activity. Specifically, appellant argues that the state did not prove he committed two or more incidents of corrupt activity, or "predicate acts," which is one element of the offense.
 {¶ 18} As stated above, in reviewing the record for sufficiency, the relevant inquiry is whether, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks, supra.
 {¶ 19} R.C. 2923.32(A)(1) states that "[n]o person * * * associated * * * with any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corruptactivity * * *." (Emphasis added.) *Page 7 
 {¶ 20} A "pattern of corrupt activity" is defined as "two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event." R.C. 2923.31(E).
 {¶ 21} "Corrupt activity" is defined as "engaging in, attempting to engage in, conspiring to engage in, or soliciting * * * another person to engage in * * *" conduct constituting a violation of, inter alia, R.C. 2913.02 (theft), 2921.12 (tampering with evidence), or 2913.31 (forgery). R.C. 2923.31(I).
 {¶ 22} An "enterprise," for purposes of R.C. 2923.32, is defined as including "* * * any individual, * * * organization, association or group of persons associated in fact although not a legal entity." R.C.2923.31(C). Ohio courts have found that there is no requirement that an enterprise be a formal, structured organization and that the term can encompass even a single individual. See State v. Gregg, 11th Dist. No. 2006-A-0013, 2007-Ohio-1201; State v. Habash (Jan. 31, 1996), 9th Dist. No. 17071.
 {¶ 23} In State v. Gregg, supra, at ¶ 31, the court stated that a pattern of corrupt activity is proven by evidence that tends to show that the defendant "either by herself, or in concert with others," (emphasis added) engaged in a pattern of corrupt activity. We interpret that to mean that offenses committed by accomplices will qualify as predicate acts sufficient to convict other participants in the enterprise of engaging in a pattern of corrupt activity. Detective Gross testified at length as to his own investigation of Darrington and the participants in his scheme beginning in 2004. The detective testified *Page 8 
as to many common characteristics between checks the participants cashed. These characteristics included the type, quality and color of paper used, the ink type, high check numbers, the lack of a bank logo, postal zip code with a hyphen after the first five digits but without the additional four digits, and one of five signatures on the check. Gross then testified as to numerous "identifiers" on appellant's checks which matched "identifiers" on the other participants' checks.
 {¶ 24} We find that the counterfeit check-cashing activities of at least eight individuals who testified at appellant's trial to their participation in the Darrington organization qualified as predicate acts — or "two or more incidents of corrupt activity" pursuant to R.C.2923.31(E) — sufficient to support appellant's conviction of the offense. Based on the foregoing, there was sufficient evidence for the trier of fact to have found beyond a reasonable doubt that appellant committed two or more incidents of corrupt activity. Appellant's second assignment of error is not well-taken.
 {¶ 25} In his third assignment of error, appellant asserts that the trial court erred by denying his Crim.R. 29 motion for acquittal on Count 5, engaging in a pattern of corrupt activity, because the state failed to prove that he acted under Darrington's direction and control. In our response to appellant's second assignment of error, we found that there was sufficient evidence to support appellant's conviction of this offense. As set forth above, our review of a Crim.R. 29 motion requires us to use the same standard as that applied to a sufficiency of the evidence claim, viewing the evidence in a light most favorable to the prosecution. We note that, under his second assignment of error, *Page 9 
appellant did not raise the issue of whether he was acting under Darrington's direction and control. We found that the evidence supported a finding that appellant was "associated with" the pattern of corrupt activity comprising the counterfeit check enterprise as required by R.C.2923.32(A)(1). Showing that appellant was associated specifically with Darrington was not necessary to satisfy the elements of the offense. However, as to the question of appellant's association with Darrington, our review of the record shows that the state provided the testimony of an individual who said appellant had told him that "he was cashing checks for Mr. Darrington" and that he was "scared of Darrington."
 {¶ 26} Based on the foregoing, we find that the state did not fail to prove that appellant acted under Darrington's direction and control and, further, that there was sufficient evidence to support the trial court's denial of appellant's motion for acquittal on the charge of engaging in a pattern of corrupt activity. Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 27} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1