[Cite as *State v. Skrepenski*, 2014-Ohio-2835.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No.  WD-13-036 |
| Appellee | Trial Court No. 13 CR 86 |
| v. | |
| David Skrepenski, II | **DECISION AND JUDGMENT** |
| Appellant | Decided:   June 27, 2014 |

* * * * *

Paul A. Dobson, Prosecuting Attorney, Thomas A. Matuszak and
David T. Harold, Assistant Prosecuting Attorneys, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**YARBROUGH, P.J.**

### I. Introduction

**{¶ 1}** Appellant, David Skrepenski, II, appeals his conviction in the Wood County

Court of Common Pleas, following a jury trial, of two counts of burglary in violation of

R.C. 2911.12(A)(1) and (D), felonies of the second degree.  We affirm.

## A. Facts and Procedural Background

{¶ 2} Appellant was indicted on two counts of burglary stemming from events that took place on October 27 and October 29, 2012. At the jury trial on those two counts, the following evidence was entered. Still photographs taken from video surveillance show appellant and his accomplice, Charles Dickson, attempting to steal electronic items from the Walmart in Bowling Green, Ohio. The October 27, 2012 photographs show the two men separately entering the store through the main entrances. They proceeded to each fill a shopping cart with electronic items and then deposit the cart in the lawn and garden section outside. The men then exited the store. A Walmart employee testified that a short time later, he observed the two men in a black jeep near the fence beside the lawn and garden area. One of the men appeared to be using a tool to cut through the fence. When the employee approached, the man threw the tool in the jeep and the pair drove away quickly. Although the fence had been cut, no merchandise was taken on that day.

{¶ 3} Two days later, on October 29, 2012, appellant and Dickson again entered the store. One of the store associates recognized the men from the photographs taken on the 27th. That associate notified the store's loss prevention associate, John Murlin. Murlin contacted the Bowling Green police, and then watched on the store's surveillance camera as the two men again loaded shopping carts with electronic items. This time, however, the two men simply pushed the carts to the front of the store, past the checkout lanes, and walked out of the main exits. The men did not attempt to pay for the items.

2.

Outside, as the two men were loading the items into the black jeep, police officers arrived. Appellant and Dickson were subsequently taken into custody.

{¶ 4} The events of October 27 and October 29, 2012, were not disputed by appellant at the trial, nor did appellant dispute that he was the person in the surveillance photos. Rather, the main issue centered on whether the state could prove the trespass element of burglary.

{¶ 5} In defining the offense of burglary, R.C. 2911.12(A) provides,

No person, by force, stealth, or deception, shall do any of the following:

(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense.

Criminal trespass, in turn, is defined in R.C. 2911.21(A) as,

No person, without privilege to do so, shall do any of the following:

(1) Knowingly enter or remain on the land or premises of another;

(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows the offender is in violation of any such restriction or is reckless in that regard;

3.

(3) Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access;

(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified by signage posted in a conspicuous place or otherwise being notified to do so by the owner or occupant, or the agent or servant of either.

{¶ 6} Specifically, appellant focused on whether the state could prove that he was without privilege to enter onto Walmart's property. To that end, the state elicited Murlin's testimony regarding Walmart's procedures in "trespassing" a person. Murlin testified that where a person stole items from the store, that person would be automatically trespassed (i.e., forbidden to return to Walmart) if the incident involved violence, if the amount stolen rose to the level of a felony, or if it was a second offense. Murlin described that the standard procedure for trespassing a person is that the loss prevention officer would provide a form letter to the offender, notifying him or her that he or she is no longer allowed on Walmart property. The offender would then sign the form letter. If the offender refused to sign the letter, the loss prevention officer would simply read the letter to the offender. Murlin testified that Walmart retains signed letters

4.

for three years from the date of the incident. In addition, Walmart maintains an electronic database of the incidents, which includes a field for whether the offender was trespassed.

{¶ 7} Murlin testified that Walmart's electronic database included a number of incidents involving appellant and Dickson. Those incident reports were entered as evidence. Notably, the first incident report, relating to a December 8, 2008 event, included a narrative that appellant "has been trespassed from all Wal-Marts." Moreover, Murlin stated that the first incident report, as well as all subsequent reports, indicated that appellant had been trespassed because the "trespass" field contained the entry "YES." Murlin, however, was unable to obtain the actual letter read to or signed by appellant as it was no longer retained by Walmart, but he did provide a blank copy of the standard form letter.

{¶ 8} In addition to Murlin's testimony, the state called appellant's co-perpetrator, Dickson, as a witness. As to the issue of trespass, Dickson testified that he had been trespassed from Walmart previously, and that he knew he was not allowed on Walmart's property. Dickson admitted, though, that he did not think to tell appellant that he was not allowed on the property.

{¶ 9} Following the presentation of the state's case, appellant moved for an acquittal pursuant to Crim.R. 29, which the trial court denied. Appellant then rested without calling any witnesses. The matter was submitted to the jury, and after a few

hours of deliberation, the jury returned a verdict of guilty as to both counts. The trial court proceeded immediately to sentencing, and ordered appellant to serve eight years in prison on each count, with the terms to be served concurrently.

## B. Assignments of Error

{¶ 10} Appellant has timely appealed his conviction, raising three assignments of error for our review:

1. The trial court erred in denying Appellant's Rule 29 Motion for Acquittal at the completion of the state's case in chief.

2. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, §10 of the Constitution of the State of Ohio.

3. Appellant's conviction was against the manifest weight of the evidence presented at trial.

## II. Analysis

{¶ 11} We will begin by addressing appellant's second assignment of error.

## A. Ineffective Assistance

{¶ 12} To demonstrate ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must show counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that

but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 696. "Judicial scrutiny of counsel's performance must be highly deferential. * * * [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 689. In addition,

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. *Id.* at 143, quoting *Strickland* at 697.

{¶ 13} In his appeal, appellant asserts four ways in which counsel was ineffective. First, he argues counsel was ineffective for failing to argue further the subject of a motion in limine at trial prior to Dickson testifying. In his motion in limine, appellant sought to exclude "all of the crime reports, narrative, photos, supplemental reports, narratives, videos, timelines, and composite spreadsheet for all incidents other than the October 27 and October 29, 2012 incidents." Although he does not specify on appeal what portion of Dickson's testimony he believes should be excluded, we presume he is referring to Dickson's statements regarding their previous escapades at Walmart. Because we find that the trial court properly allowed Dickson's testimony, we conclude that appellant's first claim of ineffective assistance is without merit.

7.

**{¶ 14}** Evid.R. 404(B) provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Here, the state solicited Dickson's testimony to prove that appellant had knowledge of the fact that he was without privilege to enter Walmart's property. Alternatively, the state solicited the testimony to show that Dickson was without privilege to enter Walmart's property, and that appellant was complicit in Dickson's commission of the burglary offenses on October 27 and October 29, 2012. Thus, Dickson's testimony was not offered as impermissible character evidence as prohibited by Evid.R. 404(B). Furthermore, although Dickson's testimony is prejudicial to appellant, it was not unfairly so, and we cannot say that the trial court abused its discretion in determining that the probative value of Dickson's testimony was not substantially outweighed by any unfair prejudice from it. *See* Evid.R. 403(A) ("Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."). Therefore, because Dickson's testimony was admissible, appellant has failed to establish that the result of the proceedings would have been different had counsel further argued the motion in limine at trial.

8.

{¶ 15} Second, appellant argues that counsel was ineffective for failing to object to Dickson's statement that appellant had been in prison. Specifically, Dickson testified on direct examination:

A     When I got out of prison I hooked back up with [appellant].

Q     And that is when it started?

A     Yeah.

Q     So, you – do you remember when you got out of prison?

A     In 2010, but [appellant] was in prison. When he just got out.

{¶ 16} Again, we cannot conclude that the result of the proceeding would have been different had counsel objected to Dickson's statement. Immediately after cross-examination, and within four minutes of the offending testimony, the state requested that Dickson's testimony be stricken and that a limiting instruction be given. The trial court agreed, and instructed the jury, "Jurors, during the course of Mr. Dickson's testimony he made a statement to the effect that the defendant David Skrepenski was in prison. That statement is stricken and you are to disregard it completely in all of your deliberations." Because the instruction was given, and because a presumption exists that the jury follows the instructions given to it by the trial court, *State v. Murphy*, 65 Ohio St.3d 554, 584, 605 N.E.2d 884 (1992), appellant has suffered no prejudice. Therefore, his second basis for ineffective assistance of counsel is without merit.

{¶ 17} Next, appellant argues counsel was ineffective for failing to cross-examine Dickson more thoroughly. Appellant fails, however, to argue what trial counsel should

have attempted to elicit on cross-examination, or how Dickson's direct testimony could have been undermined by more effective cross-examination. Thus, appellant has failed to meet his burden of demonstrating a reasonable probability that the result of the proceeding would have been different had counsel more zealously cross-examined Dickson. Consequently, we find appellant's third basis for ineffective assistance of counsel to be meritless.

{¶ 18} Finally, appellant contends counsel was ineffective for failing to object to the state's use of leading questions when eliciting what promises had been made to Dickson in exchange for his testimony. Even assuming that appellant is correct that the use of leading questions was inappropriate, appellant has again failed to provide any argument for how the result of the proceedings would have been different if an objection had been made. Therefore, appellant's fourth basis for ineffective assistance of counsel is without merit.

{¶ 19} Having found that appellant has not demonstrated a reasonable probability of any prejudice resulting from trial counsel's perceived errors, we hold that his claim for ineffective assistance of counsel must fail. Accordingly, appellant's second assignment of error is not well-taken.

### B. Crim.R. 29 Motion for Acquittal

{¶ 20} In his first assignment of error, appellant argues that the trial court erred when it denied his motion for acquittal at the close of the state's case in chief. We review the denial of a Crim.R. 29(A) motion for acquittal under the same standard used to

10.

review a sufficiency of the evidence claim. *State v. Barnes*, 6th Dist. Wood. No. WD-07-024, 2008-Ohio-1854, ¶ 10. Under that standard, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 21} Appellant contends that the state failed to present evidence proving that he had been forbidden from being on Walmart's property. In particular, appellant points out that Murlin was unable to provide the actual letter read to or signed by appellant when he was allegedly "trespassed." Further, appellant notes that Murlin admitted that he had no personal knowledge that appellant was ever read the letter or told that he could no longer enter Walmart's property. Thus, appellant concludes that the state failed to submit evidence on the trespass element of his burglary charges. The state, on the other hand, argues, inter alia, that evidence existed as to appellant's status as a trespasser in the form of the Walmart incident reports and Murlin's testimony as to the meaning of the fields on those reports.

{¶ 22} We agree with the state. The incident reports, when viewed in a light most favorable to the prosecution, could lead a rational trier of fact to the conclusion that appellant had indeed been told that he was no longer welcome on Walmart's property, and was, in fact, trespassing on October 27 and October 29, 2012. Accordingly, we hold that the trial court did not err when it denied appellant's Crim.R. 29 motion. Appellant's first assignment of error is not well-taken.

11.

## C. Manifest Weight

{¶ 23} In his final assignment of error, appellant contends that his conviction is against the manifest weight of the evidence for the same reasons as stated in his first assignment of error.

{¶ 24} Under the standard for reviewing manifest weight claims, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.* This is not that exceptional case.

{¶ 25} Here, although the actual letter provided to appellant at the time he was first trespassed was never introduced, the evidenced presented to the jury included Walmart's incident reports demonstrating that he had been trespassed, Murlin's testimony regarding the standard procedure involved in trespassing a person, and Dickson's testimony that he and appellant had attempted to steal from Walmart before and that he, himself, had been trespassed because of his actions. From this evidence, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice when it determined that appellant did not have a privilege to be on Walmart's property,

and thus found that appellant's actions satisfied the trespass element of the burglary charges. Therefore, we hold that appellant's conviction is not against the manifest weight of the evidence.

{¶ 26} Accordingly, appellant's third assignment of error is not well-taken.

### III. Conclusion

{¶ 27} For the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| Mark L. Pietrykowski, J. | _____ |
| | JUDGE |
| Thomas J. Osowik, J. | |
| | _____ |
| Stephen A. Yarbrough, P. J. | JUDGE |
| CONCUR. | |
| | _____ |
| | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.