[Cite as *Toledo v. Murray*, 2014-Ohio-3625.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio/City of Toledo | Court of Appeals No. L-13-1234 |
| Appellee | Trial Court No. CRB-12-18950 |
| v. | |
| Anthony Murray | **DECISION AND JUDGMENT** |
| Appellant | Decided:  August 22, 2014 |

* * * * *

David Toska, City of Toledo Chief Prosecutor, Henry Schaefer
and Christopher Lawrence, Assistant Prosecutors, for appellee.

John W. Yerman, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Anthony Murray, appeals his conviction in the Toledo Municipal Court for one count of domestic violence, a violation of Toledo Municipal Code 537.19(A) and a misdemeanor of the first degree.  For the reasons that follow, we affirm.

{¶ 2} Appellant's trial commenced on October 8, 2013. Toledo police officer Kellie Kenney testified that she was working on the evening of October 23, 2012, when she responded to a call. She arrived at the location where she met a woman who told her that she had just gotten into a fight with the father of her child she identified as appellant. The woman stated that he punched her in the face several times. She pointed to a nearby house where she claimed appellant resided. He was ultimately arrested. The woman did not appear at trial.

{¶ 3} Appellant took the stand and denied punching the woman. Following the testimony, the court found appellant guilty of domestic violence and sentenced him to jail for 180 days. Appellant now appeals setting forth the following assignments of error:

I. The trial court erred by allowing hearsay evidence to be admitted regarding statements made by alleged victim pursuant to an excited utterance exception.

II. The trial court erred by refusing to grant defendant's motion of acquittal after the state had rested its case.

III. The trial court erred by allowing officer Kenney's testimony to be admitted into evidence thus allowing the state to elicit such testimony apparently citing exigent circumstances and thus an exception to the prohibition expressed in *Crawford v. Washington* 541 US 36 (2004).

{¶ 4} Appellant's first and third assignments of error address the admission of Officer Kenney's hearsay testimony pursuant to the excited utterance hearsay exception.

2.

{¶ 5} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Sage*, 31 Ohio St.3d 173, 180, 510 N.E.2d 343 (1987). It is well-established that when examining admissibility issues, such as the disputed testimony before us, a reviewing court may not reverse the trial court absent an abuse of discretion. *State v. Easter*, 75 Ohio App.3d 22, 26, 598 N.E.2d 845 (4th Dist.1991). An abuse of discretion connotes that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 6} "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Hearsay is not admissible into evidence unless permitted by constitution, statute, or rule. Evid.R. 802. One exception to the hearsay rule is the "excited utterance" of the declarant. Evid.R. 803(2). An "excited utterance" is defined as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." *Id.*

{¶ 7} In order for testimony to be allowed into evidence under the excited utterance exception, the following elements must be met "(1) there was an event startling enough to produce a nervous excitement in the declarant, (2) the statement must have been made while under the stress of excitement caused by the event, (3) the statement must relate to the startling event, and (4) the declarant must have had an opportunity to personally observe the startling event." *State v. Boles*, 190 Ohio App.3d 431,

3.

2010-Ohio-5503, 942 N.E.2d 417, ¶ 34 (6th Dist.), citing *State v. Duncan*, 53 Ohio St.2d 215, 373 N.E.2d 1234.

{¶ 8} Officer Kenney testified that upon responding to the call she saw the woman outside. She was "visibly upset" and "slouched over." When the woman noticed the police cruiser, she "perked up and starting waving at me." Kenney described her face as "tear stained." Kenney further testified that: "She had visible bruising and swelling to the right side of her face, and scratch marks as well."

{¶ 9} Appellant contends that because Officer Kenney did not arrive until approximately 20 minutes after the woman called the police that too much time had elapsed for the woman to still be under the stress of excitement caused by the event.

{¶ 10} There is no specific amount of time after which a statement can no longer be considered as an excited utterance and not the result of reflective thought. *State v. Taylor,* 66 Ohio St.3d 295, 612 N.E.2d 316 (1993). Here, the record in this matter encompasses no evidence suggesting that the disputed statements were the result of reflective thought as the woman was described as "visibly upset." Accordingly, the court did not abuse its discretion in admitting the testimony of Officer Kenney. Appellant's first and third assignments of error are found not well-taken.

{¶ 11} In his second assignment of error, appellant contends that the court erred in failing to grant his motion for acquittal after the state had rested its case. We review the denial of a Crim.R. 29(A) motion for acquittal under the same standard used to review a sufficiency of the evidence claim. *State v. Barnes*, 6th Dist. Wood. No. WD-07-024,

4.

2008-Ohio-1854, ¶ 10.  When reviewing a challenge of the sufficiency of the evidence, an appellate court examines the evidence admitted at trial and determines whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.  The relevant elements of Toledo Municipal Code 537.19(A), domestic violence, are as follows:

(a) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

\* \* \*

(e) As used in this section and Ohio R.C. 2919.25, 2919.251 and 2919.26:

(1) "Family or household member" means any of the following:

\* \* \*

B.  The natural parent of any child of whom the offender is the natural parent or is the putative other natural parent.

{¶ 12} Here, through the testimony of their sole witness, the state presented evidence that appellant physically assaulted the mother of his child.  That evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  Appellant's second assignment of error is found not well-taken.

**{¶ 13}** The judgment of the Toledo Municipal Court is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.             _____
                                                                    JUDGE

Arlene Singer, J.                  

                                          _____
Thomas J. Osowik, J.                                        JUDGE
CONCUR.

                                          _____
                                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.